IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NORMAN P. JOHNSON, PhD., LARISSA JOHNSON,<br><br>                Plaintiffs,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF WAVECREST RESORT, INC., a HAWAII NONPROFIT ASSOCIATION, and DOES 1-30,<br><br>                Defendants. | CIV. NO. 20-00378 LEK-RT<br><br>FINDINGS AND RECOMMENDATION TO ENFORCE SETTLEMENT |

## **FINDINGS AND RECOMMENDATION TO ENFORCE SETTLEMENT**

Plaintiffs Norman P. Johnson, PhD. and Larissa Johnson (collectively, "Plaintiffs") and Defendant Association of Apartment Owners of Wavecrest Resort, Inc. ("Defendant") are before the Court on a joint request to resolve a disputed settlement term. On September 30, 2021, the Court ordered sequential letter briefing. ECF No. 57. On October 5, 2021, Plaintiffs filed their letter brief. ECF No. 58. On October 12, 2021, the Defendant timely filed their responsive letter brief. ECF No. 60. As the parties' letter briefs address a disputed term of the confidential settlement, the Court directed the letter briefs be filed under seal. ECF

Nos. 59 & 61. The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("Local Rules" or "LR").

For the reasons set forth below, based upon the written submissions of the parties, exhibits, records and files in this case, and applicable law, the Court FINDS and RECOMMENDS that the district court GRANT Defendant's request to enforce the May 19, 2021 on-record settlement (ECF No. 48) between the parties.

## BACKGROUND

Plaintiffs initiated this action by their *Complaint*, filed on September 1, 2020. ECF No. 1. On November 23, 2020, Plaintiffs filed their *First Amended Complaint* ("Amended Complaint"). ECF No. 18. On March 30, 2021, Plaintiffs filed their *Motion for Preliminary Injunction* ("Motion") seeking to prohibit enforcement of Defendant's house rules. ECF No. 28 at PageID #: 208. On April 27, 2021, the district judge scheduled the *Motion* for hearing on May 21, 2021 at 9:45 a.m. ECF No. 39. Prior to the hearing, the magistrate judge engaged in extensive settlement discussions with the parties which resulted in a confidential settlement of this dispute. ECF Nos. 31 & 48.

On May 19, 2021, the parties and counsel participated in a conference to place the settlement on record. ECF No. 48. At the outset, the Court explained to

the Plaintiffs, Dr. and Mrs. Johnson, and Defendant's representative, Mr. Thornton, that the settlement terms would be placed on the record and that they should listen carefully since the Court would be asking each of them whether they heard and understood the terms, had an opportunity to discuss the terms with counsel, and whether they consented to resolve the lawsuit consistent with the terms recited. ECF No. 51 at PageID #: 629.  The Court then individually asked whether Dr. Johnson, Mrs. Johnson, or Mr. Thornton had any questions. *Id.* at PageID #: 629-630.  Each responded they had no questions. *Id.*

Defendant's counsel recited the material terms of the settlement.  ECF No. 48; ECF No. 51 at PageID #: 630-631.  These terms specifically included the following term, which Plaintiffs now dispute with respect to the indemnity portion:

> [T]he Plaintiffs will **fully release, indemnify**, and include in the release a mutual non-disparagement clause, as well as confidentiality.

ECF No. 51 at PageID #: 630 (emphasis added).  After all terms were recited for the record, the Court provided Plaintiffs' counsel an opportunity to correct, clarify, or comment on the terms recited. *Id.* at PageID #: 631.  While some limited clarification was offered, Plaintiffs' counsel did not mention or raise any concern regarding the nature or scope of indemnification or release. *Id.*  Defendant's counsel agreed with the clarification that was unrelated to the indemnification or release provision. *Id.*

3

The Court then made separate inquiry of the Plaintiffs. *Id.* Both Dr. and Mrs. Johnson separately acknowledged that they each had heard, understood, and after consultation with their attorney, consented to resolve this lawsuit consistent with the settlement terms recited for the record. *Id.* at PageID #: 631-632. A similar inquiry was made with Defendants' representative, Mr. Thornton, who also acknowledged that he heard, understood, and after consultation with counsel, consented to resolve this dispute consistent with the terms recited. *Id.* at PageID #: 632-633. The only qualification noted was that Defendant's consent was subject to formal approval by the Defendant's board of directors. *Id.* at PageID # 633. Without any objection by the parties, the Court then "confirm[ed] that the material and essential terms of a binding and enforceable settlement have now been set forth in the record of this particular case." *Id.* This was similarly noted in the Court's minutes. ECF No. 48. As is customary, the Court set a deadline for the stipulation to dismiss in order to permit counsel to prepare and execute the necessary settlement documents. ECF No. 51 at PageID #: 634.

On July 19, 2021, the Court granted the parties' joint request for a 30-day extension of the stipulation to dismiss deadline. ECF No. 50. On August 18, 2021, the Court granted the parties request for a 15-day extension to submit the stipulation to dismiss. ECF No. 52. On August 25, 2021, at the parties' request, the court convened a conference to discuss various disputed settlement terms.

ECF No. 55.  The Court directed the parties to meet and confer in a good-faith attempt to resolve their differences and extended the stipulation to dismiss deadline to September 30, 2021.  ECF No. 56.  At that time, the Court and parties discussed having the Court resolve issues relating to any disputed settlement terms.  *Id.*

On September 30, 2021, the Court convened a conference and assisted the parties in resolving the remaining issues.  ECF No. 57.  However, the issues of indemnity and release were not resolved.  *Id.*  The Court ordered sequential letter briefs which the parties timely filed.  ECF Nos. 57, 58 & 60.

Plaintiffs' letter brief does not dispute the on-record settlement.  ECF No. 58.  Nor do Plaintiffs dispute that the material terms placed on record specifically included the following: "Plaintiffs will **fully release, indemnify**, and include in the release a mutual non-disparagement clause, as well as confidentiality."  *Id.* at PageID #: 642 (emphasis added).  Instead, Plaintiffs contend that alleged post-settlement misconduct by Defendant requires that Plaintiffs' previous agreement to fully release and indemnify Defendant now be converted to a mutual release and indemnification.  *Id.* at PageID #: 643.  "At the time, a one-way release seemed fine.  Now, however, we need the protection which a mutual release affords."  *Id.* at PageID #: 655 (Declaration of Norman P. Johnson, ¶2).  Plaintiffs do not offer any legal authority in support of their contentions.

Defendant's letter brief contends that the on-record settlement was clear and binding on the parties. Defendant contends that Plaintiffs seek to "improperly alter material terms of the confidential settlement[.]" ECF No. 60 at PageID #: 658. Defendant contends that release and indemnification provisions are well-recognized as material terms of a settlement. *Id.* at PageID #: 659. Unlike Plaintiffs, Defendant supports its contentions with applicable legal authority. *Id.*

## DISCUSSION

The oral agreement placed on the record is a binding settlement agreement. "'[I]t is now well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it.'" *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (citation omitted).

"The motion to enforce [a] settlement agreement essentially is an action to specifically enforce a contract." *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989). "In order to be enforceable, a settlement agreement must have the traditional elements of a contract: offer, acceptance, consideration, and parties who have the capacity and authority to enter into the agreement." *Kaiaokamalie v. Matson Terminals, Inc.*, Civ. No. 13-00383 JMS-RLP, 2016 WL 7476336, at *4 (D. Haw. Dec. 29, 2016) (citing *Amantiad v. Odum*, 90 Hawaiʻi 152, 162, 977 P.2d 160, 170 (1999)) (citation omitted).

The settlement in this case included all the elements of a contract: offer and acceptance, consideration, and parties who had the capacity and authority to enter into the settlement. The material terms of the settlement were clear and were unequivocally placed on the record. ECF No. 51. The transcript of the May 19, 2021 on-record settlement shows that Plaintiffs agreed to fully release all claims against the Defendant and to indemnify the Defendant. *Id.* at PageID #: 630-631. The record is clear that the parties and counsel had a full and complete understanding of the material terms of the settlement and agreed to those terms. *Id.* at PageID #: 629-633. The Court gave Plaintiffs an opportunity to correct, clarify, or comment on the agreement during the May 19, 2021 hearing after all material terms were stated on the record. *Id.* at PageID #: 631. Notably, Plaintiffs' counsel did not raise any issue or concern with respect to the release or indemnity provision. *Id.* Each of the two Plaintiffs expressly acknowledged their understanding of the material terms, including those relating to release and indemnification, on the record. *Id.* at PageID #: 631-633.

The parties' capacity to enter into the contract has not been disputed, and the Court cannot find that any of the parties lacked the requisite capacity. Further, all parties had authority to enter into the agreement and were represented by counsel. The record reflects that there was a complete settlement agreement as all material terms existed and the parties intended to bind themselves. "'[I]t is well-established

that an oral agreement is binding on the parties, particularly when the terms are memorialized into the record.'" *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138 (9th Cir. 2002) (quoting *Sargent v. HHS*, 229 F.3d 1088, 1090 (Fed. Cir. 2000)).

An evidentiary hearing determining whether an agreement existed is not necessary because the parties made representations to the Court that an agreement had been reached, and both Plaintiffs confirmed the terms of the settlement in open court. As such, the settlement placed on the record is binding even though Plaintiffs now dispute the scope of the release and indemnity, and presumably, have refused to execute the settlement documents. *See Doi*, 276 F.3d at 1140 (a binding settlement agreement was made in open court when the parties stated the material terms of the settlement on the record, and the parties dispelled any questions regarding whether an agreement existed in open court); *Credit Associates of Maui, Ltd., Carlbom*, 98 Hawaiʻi 462, 468-69, 50 P.3d 431, 437-38 (Ct. App. 2002) ("parties may become bound by the terms of a contract, even though they do not sign it, where their assent is otherwise indicated . . .").

"[W]here the evidence in the record shows that all the essential elements of a contract are present, a compromise agreement among the parties in litigation may be approved by the court and cannot be set aside except on grounds that would justify rescission." *Kaiaokamalie v. Matson Terminals, Inc.*, Civ. No. 13-00383 JMS-RLP, 2016 WL 7476336, at *4 (D. Haw. Dec. 29, 2016) (citing *Miller v.*

8

*Manuel*, 9 Haw. App. 56, 63, 828 P.2d 286, 291 (1991)). "Generally, in the absence of bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it." *Id.* The settlement agreement in this case cannot be set aside. Plaintiffs have not asserted bad faith or fraud, and there is no evidence on the record or during settlement negotiations that would support such a finding.

## CONCLUSION

The Court adopts the arguments and authorities relied upon by the Defendant in their letter brief (ECF No. 60). Accordingly, the Court FINDS that the parties are legally bound by the on-record settlement agreement which expressly included a one-way release and indemnity provision. That the Plaintiffs would now prefer a mutual, as opposed to a one-way, release and indemnity provision due to Defendant's post-settlement alleged conduct is unavailing.

The Court RECOMMENDS the district court GRANT Defendants' request to enforce the May 19, 2021 on-record settlement between the parties.

//

//

//

//

//

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, October 29, 2021.



Rom A. Trader
United States Magistrate Judge

Civ. No. 20-00378 LEK-RT;  *Norman P. Johnson, PhD., et al. vs. Association of Apartment Owners of Wavecrest Resort, Inc., et al.*;  Findings and Recommendation to Enforce Settlement