UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| NORMAN P. JOHNSON, PHD., LARISSA JOHNSON, | CIV. NO. 20-00378 LEK-RT |
| Plaintiffs, | |
| vs. | |
| ASSOCIATION OF APARTMENT OWNERS OF WAVECREST RESORT, INC., (A HAWAII NONPROFIT ASSOCIATION) and DOES 1-30, | |
| Defendants. | |

**ORDER DENYING PLAINTIFFS' OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO ENFORCE SETTLEMENT**

On October 29, 2021, the magistrate judge issued the Findings and Recommendation to Enforce Settlement ("F&R"). [Dkt. no. 63.] Before the Court are Plaintiffs Norman P. Johnson, Ph.D., and Larissa Johnson's ("Plaintiffs") objections to the F&R ("Objections"), filed on November 11, 2021. [Dkt. no. 64.] The Court has considered the Objections as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). For the reasons set forth below, Plaintiffs' Objection are hereby denied, and the F&R is adopted in its entirety.

## BACKGROUND

Plaintiffs are the owners of a unit at the Wavecrest Resort in Kaunakakai, on the Island of Moloka`i ("Wavecrest"). Plaintiffs' claims in this case arise primarily from the allegedly unlawful manner in which Defendant Association of Condominium Owners of Wavecrest Resort, Inc. ("Association") enforced Wavecrest's House Rules against Plaintiffs during the early stages of the COVID-19 pandemic. For example, according to Plaintiffs: they were fined by the Association for various alleged violations of the House Rules when their friend came to the Resort to assist Plaintiff Norman P. Johnson ("Dr. Johnson") by doing his grocery shopping or by removing perishable food from Plaintiffs' unit before Dr. Johnson left for the mainland; and the Association prevented a contractor from accessing Plaintiffs' unit for cleaning. [First Amended Complaint, filed 11/23/20 (dkt. no. 18), at ¶¶ 29, 44, 54.] The parties later agreed to settle the case.

On May 19, 2021, the parties and their counsel appeared before the magistrate judge to place their settlement on the record. [Minutes, filed 5/19/21 (dkt. no. 48); Trans. of Settlement on the Record ("5/19/21 Trans."), filed under seal 8/3/21 (dkt. no. 51).] The pertinent portions of the proceedings are summarized in the F&R and will not be repeated here. See F&R at 2-4. Issues arose between the parties after

2

the May 19, 2021 settlement on the record, and the parties were unable to finalize the settlement documentation.  With the assistance of the magistrate judge, the parties resolved two of the issues, but they could not resolve their dispute regarding indemnity and release, and the magistrate judge directed them to present their positions in letter briefs.  See Minutes, filed 9/30/21 (dkt. no. 57).  Plaintiffs and the Association filed their letter briefs on October 5 and 12, 2021, respectively. [Dkt. nos. 58, 60 (under seal).]  Plaintiffs requested leave to file a reply letter brief, but the magistrate judge denied the request.  [EO, filed 10/15/21 (dkt. no. 62).]  The F&R followed.

As noted by the magistrate judge, the dispute concerns the following term of the parties' settlement: "[T]he Plaintiffs will **fully release, indemnify,** and include in the release a mutual non-disparagement clause, as well as confidentiality." [F&R at 3 (quoting ECF No. 51 at PageID #: 630) (emphasis in F&R).]  The magistrate judge noted Plaintiffs do not dispute that they initially agreed to this term.  Instead, Plaintiffs argue the Association's conduct after the May 19, 2021 settlement on the record requires the conversion of the unilateral release and indemnification by Plaintiffs to a mutual release.  [Id. at 5 (citing Plaintiff's letter brief at PageID #: 642-43).]

3

In the F&R, the magistrate judge found that an
evidentiary hearing on the issue of whether a contract existed
was not necessary, and that the parties' settlement on the
record constituted a contract which was binding on the parties.
Thus, the settlement could not be set aside unless there were
grounds justifying rescission, and no evidence of such
circumstances was presented.  The magistrate judge therefore
recommended that this Court grant the Association's request to
enforce the May 19, 2021 settlement on the record.  [Id. at 7-
9.]

In their Objections, Plaintiffs confirm that the only
dispute about the settlement is whether "the release/indemnity
provisions could be **modified** to become mutual" because of the
post-May 19, 2021 conduct by those acting on behalf of the
Association.  See Objections at 3 (emphasis added).  According
to Plaintiffs, the president of the Association's board of
directors "made highly defamatory statements against Plaintiffs'
on-island representative/repair person," and "[t]hese, and
related actions [a]re likely to result in more litigation--at
least by cross-claims against Plaintiffs, should their agents
decide to sue the [Association]."  [Id.]  Plaintiffs urge this
Court to reject the F&R because the post-May 19, 2021 conduct
attributable to the Association constitutes a significant change
in the relevant circumstances, and the parties could not have

4

anticipated that change when they negotiated their settlement. Plaintiffs argue this Court should deny the Association's request to enforce the terms placed on the record on May 19, 2021 and should instead reform the parties' agreement to include mutual release and indemnification.  In addition, Plaintiffs argue the Association's request to enforce the settlement agreement must be denied because the Association has committed substantial breaches of the agreement.

**STANDARD**

I.  **Objections to an F&R**

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo **if objection is made**, but not otherwise.").  Under a de novo standard, there is no deference to the lower court's ruling; rather, the Court "freely consider[s] the matter anew, as if no decision had been rendered below."  Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009) (alteration in original) (quotations omitted); Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006).

Jiang v. Fang, CIVIL NO. 20-00100 JAO-KJM, 2021 WL 5217623, at *2 (D. Hawai`i Nov. 9, 2021) (alterations and emphasis in Jiang).

5

## II.  <u>Enforcement of a Settlement Agreement</u>

It is "well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." <u>City Equities Anaheim, Ltd. v. Lincoln Plaza Dev. Co.</u>, 22 F.3d 954, 957 (9th Cir. 1994) (citation omitted); <u>see also</u> <u>Callie v. Near</u>, 829 F.2d 888, 890 (9th Cir. 1987).  "[A] motion to enforce [a] settlement agreement essentially is an action to specifically enforce a contract."[1] <u>Adams v. Johns-Manville Corp.</u>, 876 F.2d 702, 709 (9th Cir. 1989).  Federal courts apply state contract law principles when enforcing settlement agreements.  <u>See</u> <u>O'Neil v. Bunge Corp.</u>, 365 F.3d 820, 822 (9th Cir. 2004); <u>see also</u> <u>Boskoff v. Yano</u>, 217 F. Supp. 2d 1077, 1085 (D. Haw. 2001) (applying Hawaii contract law to a motion to enforce a settlement).  As is the case in many jurisdictions, Hawaii law "favors the resolution of controversies through compromise or settlement rather than by litigation." <u>State Farm Fire & Cas. Co. v. Pacific Rent-All, Inc.</u>, 978 P.2d 753, 761 (Haw. 1999); <u>Boskoff</u>, 217 F. Supp. 2d at 1085.

A district court may only enforce **complete** settlement agreements.  <u>See</u> <u>Callie</u>, 829 F.2d at 890 (emphasis added).  A complete settlement agreement requires agreement on all "material terms" and "the intent of the parties to bind themselves." <u>Id.</u> at 891; <u>see also</u> <u>Carson v. Saito</u>, 489 P.2d 636, 638 (Haw. 1971) ("There must be mutual assent or a meeting of the minds on all essential elements or terms in order to form a binding contract.") (quoting <u>Honolulu Rapid Transit Co. v. Paschoal</u>, 449 P.2d 123, 127 (Haw. 1968)).

---

[1] A consent decree has characteristics that are not present in the contractual agreement in this case.  <u>See, e.g.</u>, <u>Turtle Island Restoration Network v. U.S. Dep't of Com.</u>, 834 F. Supp. 2d 1004, 1011 (D. Hawai`i 2011), *aff'd*, 672 F.3d 1160 (9th Cir. 2012).  Plaintiffs' arguments based upon case law addressing consent decrees are therefore rejected.

A term is "essential" where "the term is integral to the contract itself[.]"  Kaiaokamalie v. Matson Terminals, Inc., No. CV 13-00383 JMS-RLP, 2016 WL 11407765, at *3 (D. Haw. June 20, 2016) (citations and internal quotation marks omitted), as modified, No. CV 13-00383 JMS-RLP, 2016 WL 7476336 (D. Haw. Dec. 29, 2016).  Whether a term is "essential" does not depend on one party's subjective view – "where the parties dispute whether a contractual term is a material or essential term in the contract, it is not enough that 'one of the parties views the term as 'essential' to inducing his or her assent[.]'" Id.  "A settlement agreement is not invalid because certain details are not worked out, where such details are not essential to the proposal and do not change its terms or purpose."  Assocs. Fin. Servs. Co. of Haw., Inc. v. Mijo, 950 P.2d 1219, 1232 (Haw. 1998).

WIHC LLC v. NextGen Lab'ys, Inc., CIVIL NO. 18-00261 JMS-WRP, 2020 WL 5032055, at *3 (D. Hawai`i July 30, 2020) (emphasis and some alterations in WIHC), report and recommendation adopted, 2020 WL 5031993 (Aug. 25, 2020).

## DISCUSSION

Plaintiffs do not dispute that the parties agreed upon settlement terms and placed those terms on the record.  See, e.g., Objections at 3 ("Settlement efforts succeeded, and the parties agreed on 5/19/21 to the terms placed on the record . . . .").  They object to the magistrate judge's finding that the parties are bound by the one-way release and indemnification term included in the settlement on the record. See id. at 1-2.  Because there was no dispute about the existence of a settlement agreement or the terms that the

7

parties agreed to, Plaintiffs are not entitled to an evidentiary hearing.  See WIHC, 2020 WL 5032055, at *3 ("'Where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing.'" (quoting Callie, 829 F.2d at 890)). Thus, the magistrate judge did not err in denying Plaintiffs' request for an evidentiary hearing, and this Court declines to hold an evidentiary hearing on the Objections.  See Fed. R. Civ. P. 72(b)(3) (stating that, in resolving objections to a magistrate judge's dispositive order, "[t]he district judge **may** . . . receive further evidence" (emphasis added)).

The magistrate judge found that, at the time of the May 19, 2021 settlement on the record, "there was a complete settlement agreement as all material terms existed and the parties intended to bind themselves."  [F&R at 7.]  Plaintiffs do not object to those findings, and there is no reason in the record why this Court should not adopt those findings.  Instead, what Plaintiffs appear to seek is **modification** of the release and indemnity term.  Although Plaintiffs acknowledge they initially agreed to a unilateral release and indemnity, they argue events which occurred after May 19, 2021 warrant a mutual release and indemnity.  See F&R at 2-3; see also Plaintiffs' letter brief at PageID #: 655, Decl. of Norman P. Johnson ("Dr. Johnson Decl.") at ¶ 2 (stating that, at the time of the

settlement on the record "a one-way release seemed fine" but "[n]ow, however, we need the protection which a mutual release affords").

For purposes of the instant case, it is not necessary for this Court to determine whether the alleged incidents after the settlement on the record occurred as Plaintiffs described them.  To the extent that Plaintiffs believe the Association's actions gave rise to additional claims that they, or other persons, may have against the Association, such claims are not before this Court in this case.  The alleged post-settlement conduct is **related** to the claims in the case - Plaintiffs allege the Association is still impairing their ability to utilize a repair person, this time by making defamatory statements - Plaintiffs' claims in the First Amended Complaint are not based upon that particular impairment, nor is the repair person a party to this case.  Plaintiffs were free to negotiate with the Association to amend their settlement terms before finalizing the settlement documentation, or to enter into a separate agreement, to provide for the Association's release and indemnification of Plaintiffs, but no such agreement was reached.  This Court agrees with the district court's analysis in WIHC, in which the district court stated:

> The Court finds that Plaintiff's proposed
> additional terms should not be added post-
> settlement.  Also, rejecting Plaintiff's proposed

additional terms "will not frustrate the
enforceability of a settlement agreement nor the
fact that it remains binding upon the agreeing
parties." <u>Miller v. Goko Rest. Enterprises</u>,
CV 11-00671 JMS-BMK, 2013 WL 1568516, at *4 (D.
Haw. Mar. 20, 2013); <u>see also</u> <u>Doi [v. Halekulani
Corp.]</u>, 276 F.3d [1131,] 1141 [(9th Cir. 2002)]
(holding that a negotiated settlement agreement
announced in court becomes binding even if a
party has a change of heart after agreeing to its
terms).

2020 WL 5032055, at *5.  Whatever the reason for Plaintiffs'

post-settlement desire for mutual release and indemnification,

Plaintiffs' desire does not change the fact that they entered

into a binding agreement which provided for unilateral release

and indemnification.  This Court therefore denies Plaintiffs'

Objections as to: their objection to the magistrate judge's

finding that the terms of the settlement on the record -

including the unilateral release and indemnification - are

binding; and their objection to the magistrate judge's rejection

of Plaintiffs' proposed modification of the settlement

agreement.

        Plaintiffs ultimately object to the magistrate judge's

recommendation that this Court enforce the settlement agreement

placed on the record on May 19, 2021.  In addition to the

arguments that have already been rejected by this Court,

Plaintiffs argue the Association cannot enforce the contract

because it has breached the contract.  Plaintiffs are correct

that, under Hawai`i law, "a party who breaches . . . an

10

agreement cannot enforce the agreement to his or her benefit."
<u>Furuya v. Ass'n of Apartment Owners of Pac. Monarch, Inc.</u>, 137
Hawai`i 371, 385, 375 P.3d 150, 164 (2016) (quotation marks and
citations omitted).  The parties' settlement agreement included
a mutual non-disparagement provision.  <u>See</u> F&R at 3.  Plaintiffs
allege the Association's board president, its manager, and its
office manager "[d]efamed [Plaintiffs'] contractor/on-island
representative" and "disparage[d Dr. Johnson] and [his] friends
to other contractors and owners."  [Dr. Johnson Decl. at ¶¶ 3.B
& C.[2]]  Even if people connected with the Association made
defamatory or disparaging statements about Plaintiffs'
contractor (referred to elsewhere as their repair-person), that
does not constitute a breach of the settlement agreement between
Plaintiffs and the Association.

        If people connected with Association made defamatory
or disparaging statements about Plaintiffs, that could
constitute a breach of the mutual non-disparagement provision of
the settlement agreement.  However, the Association is not

_____

        [2] Dr. Johnson's declaration describes other types of alleged
post-settlement misconduct attributable to the Association, but
only the alleged defamatory and disparaging statements are at
issue in the Objections.  <u>See, e.g.</u>, Objections at 9
("Plaintiffs only seek a modification to make the
release/indemnity provisions mutual. . . .  The primary reason
to modify is that the AOAO president's admitted post-settlement
actions directed to Plaintiffs' contractors and on-island
representatives could involve Plaintiffs with another round of
litigation . . . .").

seeking to, for example, obtain damages against Plaintiffs based on an alleged breach by Plaintiffs of the settlement agreement. The Association is merely responding to Plaintiffs' attempt to force a modification of the settlement agreement.  Thus, the principle that a party who breaches a contract cannot enforce the contract is inapplicable to this Court's review of the F&R, and Plaintiffs' objection based on that principle is denied.

Plaintiffs have not identified any reason why the magistrate judge's F&R should be modified or rejected, either in whole or in part.  The parties' settlement agreement placed on the record on May 19, 2021, including the unilateral release and indemnification provision, is enforceable.  However, nothing in this Order prevents Plaintiffs from bringing claims, including indemnification, against the Association based on incidents not within the scope of the May 19, 2021 settlement.

## CONCLUSION

For the foregoing reasons, Plaintiffs' November 11, 2021 objections to the magistrate judge's Findings and Recommendation to Enforce Settlement, filed October 29, 2021, are DENIED, and the F&R is HEREBY ADOPTED, in its entirety. Therefore, the Association's request to enforce the terms of the parties' settlement agreement, placed on the record on May 19, 2021, is GRANTED.

12

Because the parties' settlement agreement included the requirement that Plaintiffs dismiss their First Amended Complaint, according to the specific terms stated on the record, the First Amended Complaint is DEEMED DISMISSED.  The Clerk's Office is DIRECTED to close the case on **February 9, 2022**, unless Plaintiffs file a timely motion for reconsideration of the instant Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 25, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**NORMAN P. JOHNSON, ET AL. VS. AOAO WAVECREST RESORT, INC., ET AL; CV 20-00378 LEK-RT; ORDER DENYING PLAINTIFFS' OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO ENFORCE SETTLEMENT**